**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**3101 North Central Avenue**
**Suite 1500**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanne McGuire, a single woman, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| Fresh Start Handicapped Workers, Inc., an Arizona Corporation; Paul M. Giza and Martha Giza, husband and wife, | |
| Defendants. | |

Plaintiff alleges as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

U.S.C. §§ 206(a) & 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.     Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at § 207(a).

4.     For at least three (3) years prior to the filing of this complaint, Plaintiff worked up to twenty (20) hours in excess of forty (40) hours per week and was not paid time and a half.

5.     Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## JURSIDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7.     Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9.      At all times material hereto, Plaintiff was, and continues to be, a resident of Maricopa County, Arizona.

10.      At all times material hereto, Fresh Start Handicapped Workers, Inc. was incorporated in the State of Arizona and has its principle place of business at 2910 North 35th Avenue, Suite #1, Phoenix, Arizona 85017.

11.      Upon information and belief, Paul Giza and Martha Giza are the owners of Fresh Start Handicapped Workers, Inc.

12.      Upon information and belief, Paul Giza was and continues to be a resident of Maricopa County.

13.      Martha Giza is Paul Giza's wife. Paul and Martha Giza have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

14.      At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 USC § 203(e)(1).

15.      The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendants.

16.      At all relevant times, Defendants were, and continue to be, an employer as defined in 29 U.S.C. § 203(d).

17.      At all times material to this action, Defendants were, and are, an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

18.      Upon information and belief, at all relevant times, the annual gross revenue of Defendants exceeded $500,000.00.

/ / /

/ / /

**FACTUAL BACKGROUND**

19.     Defendants specialize in telemarketing.

20.     Defendants hired Plaintiff as a non-exempt hourly paid account verifier in 2001.

21.     Plaintiff's job responsibilities included verifying new product orders and taking payments by phone.

22.     Plaintiff's regular salary was $13.00 an hour through June 30, 2011. Plaintiff's regular salary was $13.50 an hour from July 1, 2011 until the end of her employment. She regularly worked a daytime schedule of forty (40) hours per week.

23.     In December of 2007, Plaintiff began working additional shifts at night at in excess of forty (40) hours per week.

24.     Plaintiff worked additional shifts at night from December 2007 through April 2012.

25.     Plaintiff's job responsibilities were similar during her night shifts.

26.     Plaintiff was only paid an hourly rate of $10.00 per hour for the night shift work.

27.     Plaintiff resigned in July of 2013.

28.     Plaintiff was not a manager.

29.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

30.     From December 2007 through April 2012 Plaintiff regularly worked between fifty-six (56) and sixty-four (64) hours per week.

31.     From December 2007 through April 2012, Defendants failed to properly compensate Plaintiff for overtime hours in weeks she worked over forty (40) hours.

32.     Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

/ / /

33. Defendants' failure and/or or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

34. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

35. Plaintiff has retained the law firm of Phillips Dayes Law Group, PC to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE

## VIOLATION OF FAIR LABOR STANDARDS ACT § 207

36. Plaintiff incorporates and adopts paragraphs 1 through 35 above as if fully set forth herein.

37. While employed by Defendants, Plaintiff consistently and regularly worked multiple hours of overtime a week.

38. Defendants have intentionally failed and/or refused to pay Plaintiff overtime in accordance with the section 207 of the FLSA.

39. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages in the amount of unpaid overtime compensation.

40. Under 29 USC § 216, Defendants are liable to Plaintiff for an amount equal to one and one half times her regular rate of pay for each hour of overtime worked per week.

41. In addition to the amount of unpaid wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b).

42. Defendants' failure to compensate Plaintiff, in violation of the FLSA, was willful.

///

43.     Defendants' did not make a good faith effort to comply with the FLSA. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 USC § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

  a.  Awarding Plaintiff overtime compensation in the amount due to her for all Plaintiff's time worked in excess of forty (40) hours per work week at an amount to one and one half times Plaintiff's regular rate of pay while employed by Defendants;

  b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  d.  For Plaintiff costs incurred in this action;

  e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of payment due for that pay period until paid in full;

  f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

  g.  For such other and further relief as the Court deems just and proper.

## COUNT TWO

## **DECLATORY JUDGMENT**

44.     Plaintiff incorporates and adopts paragraphs 1 through 43 above as if fully set forth herein.

45.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

/ / /

---

46.     The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

47.     Plaintiff may obtain declaratory relief.

48.     Defendants employed Plaintiff.

49.     Defendants are enterprises covered by the FLSA.

50.     Plaintiff was individual covered by the FLSA.

51.     Plaintiff is entitled to overtime wages pursuant to 29 USC § 207.

52.     Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

53.     Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

54.     It is in the public interest to have these declarations of rights recorded. Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

55.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in her favor against Defendants:

    a.  Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    b.  For Plaintiff's costs incurred in this action.

    c.  Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.  For such other and further relief as the Court deems just and proper.

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff hereby requests that upon trial of this action, all issues be submitted to and

3 determined by a jury except those issues expressly reserved by law for determination by the

4 Court.

5 Dated: October  30, 2013                    Respectfully submitted,

6                                            **PHILLIPS DAYES LAW GROUP PC**

7

8                                            /s/ Dawn  M. Sauer
                                             Dawn M. Sauer, Esq.
9                                            Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25